UNITED STATES of America, Plaintiff,

v.

ONE (1) CARIBOU AIRCRAFT REGISTRATION NO. N–1017–H, Defendant.

Civ. No. 82–0576CC.

United States District Court,
D. Puerto Rico.

Feb. 15, 1983.

---

Raymond L. Acosta, U.S. Atty. by Everett M. de Jesús, Asst. U.S. Atty., Hato Rey, P.R., for plaintiff.

Carlos López-de-Azúa, Hato Rey, P.R., for defendant.

## ORDER

CEREZO, District Judge.

Defendant One (1) Caribou Aircraft Registration No. N–1017–H has opposed the Magistrate's Report and Recommendation that its motion for summary judgment be denied. Specifically, defendant objects to the Magistrate's finding that the government complied fully with the requirements of the rules and statutes applicable to this case "that the property must be subject to the jurisdiction at the time the libel is filed." [1]

This Court has jurisdiction over this action pursuant to 28 U.S.C. Secs. 1345 and 1355 and 21 U.S.C. Secs. 841 and 881. On March 29, 1982 a warrant for the arrest of the defendant aircraft was issued by the Clerk of this Court, pursuant to an order issued on March 17, 1982. According to the libel filed defendant had become forfeited to the United States since March 4, 1982 when it was used or intended to be used to transport or facilitate the transportation, sale, receipt, possession or concealment of a controlled substance. At the moment of the issuance of the warrant for its arrest, the aircraft was not within this Court's jurisdiction, it being located in St. Marteen, Netherlands Antilles. There it was retained by local governmental authorities until April 3, 1982 when it was flown to Puerto Rico by U.S. agents with the permission of the St. Marteen authorities. The arrest warrant was then executed at the Isla Grande airport in San Juan, Puerto Rico.

Defendant's contention is that for the arrest to be valid the property to be arrested, in this case an aircraft, had to be within the court's jurisdiction at the time the complaint for forfeiture was filed and that its allegedly illegal transfer to this jurisdiction could not cure this defect. Defendant's argument that the property must have been within the jurisdiction of this court when the libel was filed is defeated by the plain language of the applicable rule which provides in part that "[i]n actions in rem the complaint ... shall describe with reasonable particularity the property that is the subject of the action and state that it is within the district *or will be* during the pendency of the action." Rule C(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims (emphasis ours). Clearly, all that is required is that it be asserted, under oath, that the property will be located within the territorial jurisdiction of the court. The complaint filed in this case so asserts. The case of *American Bank of Wage Claims v. Registry of the District Court of Guam,* 431 F.2d 1215 (9th Cir.1979) which defendant cites as "controlling as to this case" does not stand for the proposition that the property must be within the jurisdiction of the court *at the time the libel is filed.* This case merely states the general principle that "in rem jurisdiction exists in an action only where the subject matter of

1. Defendant's quotation of the Magistrate's finding is misleading. The Magistrate *did not* find that the government had complied with the requirement "that the property must be subject to the jurisdiction at the time the libel is filed." On the contrary, the Magistrate's ruling was that to require "that property must be subject to the jurisdiction at the time the libel is filed *contradicts the clear language of Rule C.*" (Emphasis ours.) It must be clarified, however, that the Magistrate understood, and so does the Court, that defendant's contention was that the property must be *in* the Court's jurisdiction at the time the libel is filed.

the action, or an appropriate substitute thereof, is within the jurisdiction of the court in which the action lies." *Id.,* at p. 1218. This proposition does not imply that a defendant may not be brought to the jurisdiction of the court where the proceedings are pending. Rule C(2) merely applies this principle recognizing the mobile characteristic of things such as vessels or aircrafts. Furthermore, the facts of the cited case are completely different from those present in this case. There the arrested vessel had been sold and released from the jurisdiction of the court; no stay of the court's order was requested and no bond was filed. The Court of Appeals for the Ninth Circuit held that under those circumstances it lacked "in rem" jurisdiction to consider an appeal of the order.

█ Section 1395(c) of Title 28 of the United States Code which "properly applies [to] procedures made outside the territorial limits of the United States" provides that "[a] civil proceeding for the forfeiture of property seized outside any judicial district may be prosecuted in any district into which the property *is brought.*" (Emphasis ours.) *United States v. One 1974 Cessna Model 310R Aircraft,* 432 F.Supp. 364, 368 (D.S.C.1977). Defendant objects the Magistrate's determination that "the manner in which the aircraft entered the United States is of no consequence to this court's determination of the parties' rights." Defendant raised no objections, however, to the Magistrate's conclusion that Article VI, paragraph 4 of the Treaty of Friendship, Commerce and Navigation, to which the United States and the Netherland Antilles are signatories, was not violated in this case. Nothing in the stipulation entered in Cr. No. 82–0047PG, *United States v. Betancourt,* suggests any illegality in the manner in which the aircraft was brought to this jurisdiction. On the contrary, the stipulation merely establishes that the country having custody of the aircraft released the same to the United States, after having been so requested by United States officials. Defendant has not alleged that the government of the Netherland Antilles illegally retained the aircraft or that it had no authority to release the same to federal authorities. Neither has it alleged that there was no probable cause to believe that the property had been used to transport or to facilitate the transportation of controlled substances, or that the seizure of the defendant aircraft was not promptly instituted. See: 21 U.S.C. Sec. 881(b)(4). Defendant's sole contention was that the seizure of the airplane was in violation of Article VI, paragraph 4 of the mentioned treaty. The Magistrate's conclusion that this provision is inapplicable to forfeiture proceedings and that neither of the sovereigns violated the treaty, although not objected by defendant, has been considered by the court and is hereby approved. Finally, even assuming that the seizure of the airplane was a "taking" within the meaning and purpose of said Article, the same applies when a party takes property belonging to nationals of the other party within its own territory. Here the United States would have "taken" property of its own nationals.[2]

For the reasons stated, the Magistrate's Report and Recommendation is APPROVED and the motion for summary judgment filed by defendant is hereby DENIED.

SO ORDERED.

---

2. Beta Equipo, Inc., owner of the defendant aircraft is a corporation organized under the laws of the Commonwealth of Puerto Rico and its principal place of business is in Trujillo Alto, Puerto Rico.